SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-------------------------------------------------------------------X
SERHIY PISKUN,

                      Plaintiff,

       -against-

JONATHAN G. LUTON and FEDEX FREIGHT, INC.

                    Defendants.
-------------------------------------------------------------------X

Index No.: 151632/2017
Date Purchased: 07.25.2017

**SUMMONS**

Plaintiff designates RICHMOND County as the place of trial.

The basis of venue is Plaintiff's place of residence

Plaintiff resides at 141 Rensselaer Avenue, Staten Island, NY 10312

**TO THE ABOVE-NAMED DEFENDANTS:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
         July 25, 2017

                                            Yours, etc.

                                            _/s/ Aleksandr Vakarev_____
                                            Aleksandr Vakarev, Esq.
                                            LAW OFFICES OF ALEKSANDR VAKAREV
                                            Attorneys for Plaintiff
                                            2566 86TH Street, Suite 1
                                            Brooklyn, New York 11214
                                            (718) 368-0690
                                            Our File No.: 11938

**DEFENDANTS' ADDRESSES:**

**JONATHAN G. LUTON**
1106 University Terrace
Linden, New Jersey 07036

**FEDEX FREIGHT, INC**
7306 North Bakov Road
Fremont, Indiana 46737

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------------X   Index No.: 151632/17

SERHIY PISKUN,

                                Plaintiff,

      -against-        **VERIFIED COMPLAINT**

JONATHAN G. LUTON and FEDEX FREIGHT, INC,

                                Defendants.
-----------------------------------------------------------------------X

Plaintiff, SERHIY PISKUN, by his attorneys, LAW OFFICES OF ALEKSANDR VAKAREV, complaining of the defendants, respectfully alleges, upon information and belief:

1. That at all times herein mentioned, plaintiff, SERHIY PISKUN, was, and still is, a resident of the County of Richmond, City and State of New York.

2. That at all times herein mentioned, defendant, JONATHAN G. LUTON, was, and still is, a resident of the State of New Jersey.

3. That at all times herein mentioned, defendant, FEDEX FREIGHT, INC, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times herein mentioned, defendant, FEDEX FREIGHT, INC, was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a state other than the State of New York but licensed to do business within the State of New York.

5. That at all times mentioned herein, defendant, FEDEX FREIGHT, INC, was and is a business entity duly organized and existing pursuant to the laws of the State of New York.

6. That at all times mentioned herein, defendant, FEDEX FREIGHT, INC, was and is a business entity duly organized and existing pursuant to the laws of a state other than the State of

New York but doing business within the State of New York.

7. That at all times herein mentioned, defendant, FEDEX FREIGHT, INC, was the owner of a certain 2013 Freightliner motor vehicle bearing Indiana State registration number 2133271.

8. That at all times herein mentioned, defendant, JONATHAN G. LUTON, was the operator of a certain 2013 Freightliner motor vehicle bearing Indiana State registration number 2133271.

9. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, FEDEX FREIGHT, INC, was the lessees of the aforesaid motor vehicle, bearing Indiana State registration number 2133271.

10. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, FEDEX FREIGHT, INC, was the lessors of the aforesaid motor vehicle, bearing Indiana State registration number 2133271.

11. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, FEDEX FREIGHT, INC, maintained the aforesaid motor vehicle, bearing Indiana State registration number 2133271.

12. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, FEDEX FREIGHT, INC, managed the aforesaid motor vehicle, bearing Indiana State registration number 2133271.

13. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, FEDEX FREIGHT, INC, controlled the aforesaid motor vehicle, bearing Indiana State registration number 2133271.

14. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, FEDEX FREIGHT, INC, inspected the aforesaid motor vehicle, bearing Indiana State registration number 2133271.

15. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, FEDEX FREIGHT, INC, repaired the aforesaid motor vehicle, bearing Indiana State registration number 2133271.

16. That on January 23rd, 2017, and at all times hereinafter mentioned defendant, JONATHAN G. LUTON, operated the aforementioned motor vehicle with the express permission of the defendant, FEDEX FREIGHT, INC.

17. That on January 23rd, 2017, and at all times hereinafter mentioned defendant, JONATHAN G. LUTON, operated the aforementioned motor vehicle with the express knowledge of the defendant, FEDEX FREIGHT, INC.

18. That on January 23rd, 2017, and at all times hereinafter mentioned defendant, JONATHAN G. LUTON, operated the aforementioned motor vehicle with the express consent of the defendant, FEDEX FREIGHT, INC.

19. That on January 23rd, 2017, and at all times hereinafter mentioned defendant, JONATHAN G. LUTON, operated the aforementioned motor vehicle with the implied permission of the defendant, FEDEX FREIGHT, INC.

20. That on January 23rd, 2017, and at all times hereinafter mentioned defendant, JONATHAN G. LUTON, operated the aforementioned motor vehicle with the implied consent of the defendant, FEDEX FREIGHT, INC.

21. That on January 23rd, 2017, and at all times hereinafter mentioned defendant, JONATHAN G. LUTON, operated the aforementioned motor vehicle with the implied knowledge of the defendant, FEDEX FREIGHT, INC.

22. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, JONATHAN G. LUTON, was the lessee of the aforesaid motor vehicle, bearing Indiana

State registration number 2133271.

23. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, JONATHAN G. LUTON, was the lessor of the aforesaid motor vehicle, bearing Indiana State registration number 2133271.

24. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, JONATHAN G. LUTON, maintained the aforesaid motor vehicle, Indiana State registration number 2133271.

25. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, JONATHAN G. LUTON, managed the aforesaid motor vehicle, bearing Indiana State registration number 2133271.

26. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, JONATHAN G. LUTON, controlled the aforesaid motor vehicle, bearing Indiana State registration number 2133271.

27. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, JONATHAN G. LUTON, inspected the aforesaid motor vehicle, bearing Indiana State registration number 2133271.

28. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, JONATHAN G. LUTON, repaired the aforesaid motor vehicle, bearing Indiana State registration number 2133271.

29. That at all times and places hereinafter mentioned, Smith Street, at or near its intersection with Hamilton Avenue, in the County of Kings, City and State of New York, was and still is a public street/highway in common use of the residents of the State of New York and others.

30. That on January 23rd, 2017, plaintiff, SERHIY PISKUN, was lawfully and properly operating a motor vehicle at the aforementioned location.

31. That on January 23rd, 2017, defendant, JONATHAN G. LUTON, was operating the motor vehicle, owned by defendants, FEDEX FREIGHT, INC, at the aforementioned location.

32. Upon information and belief, that at all times and places hereinafter mentioned, the defendant, JONATHAN G. LUTON, was responsible for the proper and prudent operation of the aforesaid motor vehicle.

33. That on January 23rd, 2017, at the aforementioned location, the motor vehicle, owned by defendant, FEDEX FREIGHT, INC and operated by defendant, JONATHAN G. LUTON, came into contact with the motor vehicle, operated by plaintiff, SERHIY PISKUN.

34. That on January 23rd, 2017, at the aforementioned location, the motor vehicle, owned by defendant, FEDEX FREIGHT, INC and operated by defendant, JONATHAN G. LUTON, struck the motor vehicle, owned and operated by plaintiff, SERHIY PISKUN.

35. That on January 23rd, 2017, at approximately 5:45 P.M. the subject motor vehicle, owned by defendant, FEDEX FREIGHT, INC and operated by defendant, JONATHAN G. LUTON, collided with the motor vehicle, owned and operated by plaintiff, SERHIY PISKUN.

36. That as a result of the aforesaid contact, plaintiff, SERHIY PISKUN, was injured.

37. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendants.

38. That defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

39. That as a result of the aforesaid occurrence, the plaintiff, SERHIY PISKUN, was rendered sick, sore, lame and disabled and has remained so since the said occurrence. He continues to suffer mental anguish and great physical pain. The plaintiff has been compelled to undergo medical aid, treatment and attention and expand money and incur obligations for physicians' services, medical and hospital expenses for the care and treatment of his injuries; and upon information and belief, he will be compelled to expend additional sums of money and incur further obligations in the future for additional physicians' services, medical and hospital expenses for the further care and treatment of his injuries. Plaintiff, SERHIY PISKUN, has been incapacitated from attending to his usual duties, functions, occupations, vocations and avocations, and in other ways he was damaged, and upon information and belief may be so incapacitated in the future and will suffer pecuniary losses.

40. That plaintiff, SERHIY PISKUN, sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

41. That plaintiff sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

42. That plaintiff, SERHIY PISKUN, is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is seeking only to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

43. That this action falls within one or more of the exceptions set forth in CPLR §1602.

42. That by reason of the foregoing, plaintiff, SERHIY PISKUN, has been damaged in a sum encompassed under CPLR §3017(c).

WHEREFORE, plaintiff, SERHIY PISKUN, demands judgment against the defendants, JONATHAN G. LUTON and FEDEX FREIGHT, INC, herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
July 25, 2017

Yours, etc.

*A. Vakarev*

Aleksandr Vakarev, Esq.
LAW OFFICES OF ALEKSANDR VAKAREV
Attorneys for Plaintiff
2566 86TH Street, Suite 1
Brooklyn, New York 11214
(718) 368-0690
Our File No.: 11938

**DEFENDANTS' ADDRESSES:**

**JONATHAN G. LUTON**
1106 University Terrace
Linden, New Jersey 07036

**FEDEX FREIGHT, INC**
7306 North Bakov Road
Fremont, Indiana 46737

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF KINGS      )

    The undersigned, ALEKSANDR VAKAREV, ESQ., an attorney at law, admitted to practice law in the Courts of the State of New York, affirms the following under the penalties of perjury:

    That he is a Principal of the firm of LAW OFFICES OF ALEKSANDR VAKAREV, attorneys for Plaintiff in the above-entitled action.

    That he has read the foregoing **SUMMONS AND COMPLAINT** and knows the contents thereof, and upon information and belief, deponent believes that matters alleged therein to be true.

    The reason this Verification is made by deponent and not by Plaintiff is because Plaintiff is an individual and resides in another county from where affirmant maintains his office.

    The source of deponent's information and the ground of his belief are communications, paper, reports and investigations contained in the file.

Dated: Brooklyn, New York
       July 25, 2017

                                                  */s/ A. Vakarev*
                                                 Aleksandr Vakarev, Esq.

Index No.: 151632/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-------------------------------------------------------------------
SERHIY PISKUN,

                                      Plaintiff,

-against-

JONATHAN G. LUTON and FEDEX FREIGHT, INC,

                                      Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**LAW OFFICES OF ALEKSANDR VAKAREV**
Attorneys for Plaintiff
2566 86TH Street
Brooklyn, New York 11214
Phone: (718) 368-0690
Fax: (718) 368-0692